GRUENDER, Circuit Judge,
concurring in judgment.
I write separately because I conclude that the tax court made a determination in the partnership-level proceeding that Randall Thompson’s outside basis in RJT was zero. However, since outside basis is an affected item that should be determined at the partner level, I agree that the tax court has jurisdiction over appellants’ petition challenging the notice of deficiency.
The court concludes that the tax court did not determine Thompson’s outside basis in the partnership-level proceeding. The tax court did not so find, the court argues, because the tax court determined only that Thompson’s basis was overstated. From this, the court reasons that “[i]t does not necessarily follow ... that Thompson’s entire purported basis was overstated.” Ante at 873. This line of reasoning does not lead to the court’s conclusion. If “[i]t does not necessarily follow ... that Thompson’s entire purported basis was overstated,” id., then it likewise does not necessarily follow that Thompson’s basis was only partially overstated. As a result, the court’s reasoning suggests only that the tax court’s language may be ambiguous, a proposition that I reject for the reasons discussed below. Based on this reasoning alone, the court cannot de- *874 fínitively conclude that the tax court did not determine Thompson’s outside basis.
I would find that the tax court clearly determined Thompson’s outside basis to be zero. Starting with the text of the opinion, the tax court found that RJT “was a sham, lacked economic substance, and was formed and/or availed to overstate artificially the basis of the interest of Randall Thompson in RJT Investments X, LLC in the amount of $22,006,759.” RJT Investments X v. Comm’r, No. 011769-05, 2006 WL 2504035, at *1 (Apr. 18, 2006). The tax court further found that RJT “is disregarded for Federal income tax purposes.” Id. As the court notes, Thompson’s purported basis in RJT, as reflected on his tax return, is $22,006,759. Ante at 872. Thus, if Thompson’s purported basis is $22,006,759, and if that basis was “overstate[d] artificially ... in the amount of $22,006,759,” then the tax court necessarily concluded that Thompson’s outside basis in RJT was zero. That is, subtracting the amount by which the tax court determined Thompson’s basis to be overstated ($22,-006,759) from Thompson’s purported outside basis ($22,006,759) inescapably leads to the conclusion that the tax court determined Thompson’s outside basis was zero.
Even though I conclude that the tax court’s partnership-level decision did determine Thompson’s basis, I agree that the tax court has jurisdiction over appellants’ petition. Our prior panel opinion in this matter, which affirmed the tax court’s partnership-level decision, did not reach the question of whether the tax court had jurisdiction to determine Thompson’s outside basis at the partnership level. See Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir.2008) (“[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through stare deci-sis.”). And I agree with the court and with the D.C. Circuit’s decision in Petalu-ma, 591 F.3d at 655, that outside basis is an affected item that should be determined at the partner level. Thus, I agree that the order dismissing appellants’ petition should be reversed and that the case should be remanded for further proceedings.[4]
For the foregoing reasons, I concur in the judgment.

. The preclusive effect in the tax court of its prior adjudication of Thompson’s outside basis in a partnership-level proceeding is a question I need not reach here. The Commissioner does briefly reference issue preclusion with respect to the adjudication of Thompson’s outside basis, Appellees’ brief at 43 n. 6, but the Commissioner does not discuss or apply its elements. See Berger Transfer & Storage v. Central States, S.E. & S.W. Areas Pension Fund, 85 F.3d 1374, 1377 (8th Cir.1996) (declining to apply issue preclusion in part because moving party "made no effort" to establish an element thereof); see also Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir.2005) (refusing to consider argument on which moving party "provide[d] no analysis of the relevant law or facts”).